OPINION
Defendant, Frederick Wallace, appeals from the trial court's judgment and order revoking his community control sanctions and imposing a twelve month prison sentence.
On August 20, 1999, Wallace pled guilty to one count of possessing cocaine, less than five grams, in violation of R.C. 2925.11(A). That offense is a felony of the fifth degree, R.C. 2925.11(C)(1)(a), for which the penalty is six, seven, eight, nine, ten, eleven or twelve months imprisonment. R.C. 2929.14(A)(5). Rather than imposing a prison sentence, the trial court sentenced Wallace to five years of community control sanctions.
On February 25, 2000, a notice was filed alleging that Wallace had violated the conditions of his community control. Following a hearing on March 8, 2000, the trial court concluded that Wallace had violated the conditions of his community control, but the court elected to continue Wallace on community control with additional requirements.
On December 4, 2000, a notice was filed alleging that Wallace had once again violated the conditions of his community control. A hearing was held on December 18, 2000, at which time Wallace admitted to one of the violations, that he committed additional crimes while on community control. The trial court concluded that Wallace had violated the conditions of his community control and revoked his sanctions. The trial court then imposed a sentence of twelve months imprisonment, the maximum allowable sentence for a fifth degree felony offense.
Wallace timely appealed to this court. Wallace's appellate counsel filed an Anders brief, Anders v. California (1967), 386 U.S. 738,claiming that he could not find any meritorious issues to present forappellate review. We notified Wallace of his appellate counsel'srepresentations, and afforded him sixty days to file a pro se brief. None has been received. This case is now ripe for decision.
Wallace's appellate counsel has identified one potential issue for appeal in his Anders brief:
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED (WALLACE) TO TWELVE MONTHS INCARCERATION IN THIS MATTER.
 Wallace's appellate counsel argues that any issue regarding Wallace's sentence is now moot because the records of the Ohio Department of Rehabilitation and Correction indicate that Wallace completed his twelve month prison sentence, and was released in May, 2001. Those records are not before the court in this appeal, however.
Nevertheless, in sentencing Wallace the trial court stated that it had considered the principles and purposes of felony sentencing set out in R.C. 2929.11, as well as the seriousness and recidivism factors set out in R.C. 2929.12. The sentence imposed by the trial court was within the permissible range of prison terms available for a fifth degree felony offense, R.C. 2929.14(A)(5); 2929.15(B), albeit the maximum sentence allowed by law.
In imposing the maximum sentence in this case, the trial court made the necessary statutory finding required by R.C. 2929.14(C), that Wallace poses the greatest likelihood of committing future crimes. The trial court's reasons for this finding are implicit in its observation that Wallace has a lengthy criminal history that includes previous convictions for four felonies and five misdemeanors. Moreover, the case involves revocation of Wallace's community control sanctions because Wallace committed another offense while on community control.
The record in this case demonstrates that the twelve month sentence imposed by the trial court was not improper. We cannot "clearly and convincingly" find either that the record before us does not support the trial court's findings or that the sentence is otherwise contrary to law. R.C. 2953.08(G)(2).
The assignment of error is overruled.
In addition to examining the error raised by Wallace's appellate counsel, we have conducted an independent review of the record of the trial court's proceedings. We see no prejudicial error which deprived Defendant of a fair trial.
The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.